UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSTAINABLE RANCHING PARTNERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BERING PACIFIC RANCHES LIMITED, et al., <br><br> Defendants. | Case No. 17-cv-02323-JST <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** <br><br> Re: ECF No. 38 |

Now before the Court is the motion of defendants Bering Pacific Ranches Limited ("Bering Pacific") and Patrick Harvie to dismiss the Second Amended Complaint ("SAC") of plaintiff Sustainable Ranching Partners, Inc. ("Sustainable"). ECF No. 38. For the reasons set forth below, the Court will grant the motion in part and deny it in part.

**1.     Declaratory Relief**

The Court grants Bering Pacific's motion to dismiss Sustainable's declaratory relief claim because it duplicates Sustainable's other claims. "Courts may choose not to permit a claim for declaratory relief when resolution of other claims would sufficiently resolve the controversy." *Kho v. Wells Fargo & Co.,* No. CV 12–0847, 2012 WL 3240041, at *9, 2012 U.S. Dist. LEXIS 110957, at *26–28 (C.D. Cal. Aug. 6, 2012). In its declaratory relief claim, Sustainable asks that it be excused from performance under its contract with Bering Pacific because Sustainable was fraudulently induced to enter the contract. In light of Sustainable's fraud claim, its declaratory relief claim is superfluous. *McVicar v. Goodman Glob., Inc.*, 1 F. Supp. 3d 1044, 1059–60 (C.D. Cal. 2014) (dismissing declaratory relief claim that was "entirely duplicative" of other claims). Accordingly, the Court grants the motion to dismiss this claim.

### 2. Fraud

The Court denies Bering Pacific's motion to dismiss Sustainable's fraud claim for failure to adequately plead reliance. "Reliance exists when the misrepresentation or nondisclosure was an immediate cause of the plaintiff's conduct which altered his or her legal relations, and when without such misrepresentation or nondisclosure he or she would not, in all reasonable probability, have entered into the contract or other transaction." *Alliance Mortg. Co. v. Rothwell*, 10 Cal. 4th 1226, 1239 (1995). Bering Pacific does not dispute that Sustainable has alleged *actual* reliance, but argues that the alleged reliance was not *reasonable*. This question cannot be decided on a motion to dismiss, notwithstanding Bering Pacific's arguments regarding Sustainable's alleged sophistication and its opportunity to conduct due diligence prior to entering into the contract. "Except in the rare case where the undisputed facts leave no room for a reasonable difference of opinion, the question of whether a plaintiff's reliance is reasonable is a question of fact." *Id.* (quoting *Blankenheim v. E. F. Hutton & Co.* (1990) 217 Cal. App. 3d 1463, 1475 (1990)).

Bering Pacific's case citations do not change this analysis. It cites *Glob. Acquisitions Network v. Bank of Am. Corp.*, No. CV 12-08758 DDP CWX, 2013 WL 604159, at *9 (C.D. Cal. Feb. 19, 2013), which in turn is based on *Bily v. Arthur Young & Co. Bily* holds, unremarkably, that non-clients of an auditor may not rely on the results of an audit for which they are not the intended audience. *Bily*, 3 Cal. 4th 370, 413 (1992). No such issue is presented here. Similarly, *Yazdanpanah v. Sacramento Valley Mortg. Grp.*, No. C 09-02024 SBA, 2009 WL 4573381, at *3 (N.D. Cal. Dec. 1, 2009) dismissed a fraud claim for failure to plead reasonable reliance when the plaintiff failed even to read the contracts that would have contained the alleged non-disclosures. Obviously, one cannot rely on representations one has not seen or heard. Again, no such issue is presented here.

The Court also rejects Bering Pacific's argument that Sustainable's fraud claim is barred by the economic loss rule. That rule "requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988, 102 P.3d 268, 272 (2004). There is a written contract between the parties, so Bering Pacific

is entitled to invoke the economic loss rule even though Sustainable no longer alleges breach of contract in its SAC. However, "[t]he economic loss rule poses no barrier to a properly pled fraudulent inducement claim: '[I]t has long been the rule that where a contract is secured by fraudulent representations, the injured party may elect to affirm the contract and sue for fraud.'" *United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.*, 660 F. Supp. 2d 1163, 1188 (C.D. Cal. 2009) (quoting *Lazar v. Superior Court,* 12 Cal. 4th 631, 645 (1996)); *see also R Power Biofuels, LLC v. Chemex LLC*, No. 16-CV-00716-LHK, 2017 WL 1164296, at *4–7 (N.D. Cal. Mar. 29, 2017) (same); *Joli Grace, LLC v. Country Visions, Inc.*, No. 2:16-1138 WBS EFB, 2016 WL 6996643, at *9 (E.D. Cal. Nov. 30, 2016) (same); *Waitt v. Internet Brands, Inc.*, No. CV103006GHKJCGX, 2011 WL 13214104, at *2 (C.D. Cal. Jan. 6, 2011) (same).[1]

### 3. Negligence and Negligent Misrepresentation

While there is a fraudulent inducement exception to the economic loss rule, there is no such exception for Sustainable's negligence and negligent misrepresentation claims. Although the California Supreme Court has not spoken directly on whether the economic loss rule bars negligent misrepresentation claims, many district courts in this circuit have addressed the question. These cases hold "that a negligent misrepresentation claim paralleling a contract claim that prays only for economic damages will be barred by the economic loss rule unless the plaintiff alleges both that the defendant made an affirmative misrepresentation, and that the defendant's misrepresentation exposed the plaintiff to independent personal liability." *Crystal Springs Upland Sch. v. Fieldturf USA, Inc.*, 219 F. Supp. 3d 962, 970 (N.D. Cal. 2016) (collecting cases). Because Sustainable makes no such allegations, its negligent misrepresentation claim must be dismissed.

For similar reasons, the economic loss rule bars Sustainable's negligence claim. *Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*, No. C-13-1803 EMC, 2013 WL 4530470, at *11 (N.D. Cal. Aug. 26, 2013). That claim also is dismissed.

---

[1] To the extent the Court that suggested in its prior order that Sustainable's fraud claim is barred by the economic loss rule, ECF No. 33 at 14, it now disavows that suggestion. The Court notes that the parties did not brief the existence of the fraudulent inducement exception in connection with Bering Pacific's prior motion to dismiss.

3

#### 4. Breach of Fiduciary Duty

The Court grants Bering Pacific's motion to dismiss Sustainable's breach of fiduciary duty claim because Sustainable fails to allege a fiduciary relationship. "To state a cause of action for breach of fiduciary duty, a plaintiff must show the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach." *Roberts v. Lomanto*, 112 Cal. App. 4th 1553, 1562 (2003). Sustainable alleges that "Harvie offered to operate and run the Cattle Business for Plaintiff for the Fall and Winter of 2016 . . . . In so doing, and in consideration for payments exceeding $50,000, Harvie undertook a fiduciary responsibility to Plaintiff to operate the Cattle Business on its behalf using best efforts." SAC ¶ 11. A mere contractual obligation to perform, however, even guided by the implied duty of good faith, does not create a fiduciary relationship. *Wolf v. Superior Court*, 106 Cal. App. 4th 625, 31 (2003). Sustainable does not allege any other fact that could show a fiduciary relationship. The SAC is therefore "devoid of allegations showing an agency, trust, joint venture, partnership or other traditionally recognized fiduciary relationship." *Id.* at 30. Accordingly, the breach of fiduciary duty claim is dismissed for failure to state a claim.

#### 5. Constructive Trust

Finally, the Court grants Bering Pacific's motion to dismiss Sustainable's cause of action for constructive trust. The elements of a constructive trust include: "(1) the existence of a res (property or some interest in property); (2) the right of a complaining party to that res; and (3) some wrongful acquisition or detention of the res by another party who is not entitled to it." *PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*, 150 Cal. App. 4th 384, 398 (2007). Sustainable alleges that it "incurred expenses in repairing, updating and improving [Bering Pacific]'s facilities in Alaska," which benefitted Defendants. SAC ¶¶ 44-45. These allegations do not describe the wrongful acquisition or detention of property by Defendants necessary to plead this claim.

## Conclusion

Bering Pacific's motion to dismiss is granted as to Sustainable's claims for declaratory relief, negligence, negligent misrepresentation, constructive trust, and breach of fiduciary duty.

4

Because the SAC is the third operative pleading, dismissal is with prejudice. Sustainable's fraud claim survives. Defendants' answer is due by April 26, 2018.

**IT IS SO ORDERED.**

Dated: April 6, 2018

_____
JON S. TIGAR
United States District Judge